# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

**AMEN ROGERS,** *Individually, and on behalf of himself and others similarly situated,*

　Plaintiff,

　　　　v.　　　　　　　　　　　　　　No._____

**UNITED PARCEL SERVICE, INC.,**

　　　　　　　　　　　　　　　　**FLSA Collective Action**
　　　　　　　　　　　　　　　　**RULE 23 Class Action**
　　　　　　　　　　　　　　　　**JURY DEMANDED**

Defendant,

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Amen Rogers ("Plaintiff"), individually, and on behalf of himself and other similarly situated current and former hourly-paid supervisors, brings this Fed. R. Civ. P. 23 class action and Fair Labor Standards Act ("FLSA") collective action against United Parcel Service, Inc. ("Defendant"), and alleges as follows:

### I.　　INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation owed to Plaintiff and other similarly situated hourly-paid supervisors who are members of an FLSA collective action as defined herein and currently or previously employed by Defendant during all times material.

2. This lawsuit also is brought against Defendant as a Fed. R. Civ. P. 23 class action, alleging breach of contract under Tennessee state law, to recover unpaid contractual wages or, in the alternative, unjust enrichment/quantum meruit compensation, owed to Plaintiff and other

similarly situated current and former hourly-paid supervisors who are members of a Rule 23 class as defined herein.

## II.   JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has jurisdiction over the Fed. R. Civ. P. 23 class action claims herein under 28 U.S.C § 1367 because the claims are so related to claims in this action within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this District during all time material to this action. Also, Defendant regularly has conducted and continues to conduct business in this District, and has engaged and continues to engage in wrongful conduct in this District during all times material to this action.

## III   CLASS DESCRIPTIONS

6. Plaintiff brings this Fed. R. Civ. P. 23(b)(3) class action against Defendant on behalf of the following similarly situated individuals:

> All hourly-paid supervisors who were employed by and worked for Defendant in the State of Tennessee during the six years preceding the filing of this Original Complaint, and who were not paid all wages and compensation owed them by the Defendant. (the "Rule 23 class").

7. Plaintiff brings this FLSA collective action on behalf of the following similarly situated persons:

> All hourly-paid supervisors who were employed by and performed work for the Defendant in the United States within weekly pay

periods during the three (3) year period preceding the filing of the original Complaint and who is a Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). ("the FLSA Class").

### III.   PARTIES

8. Plaintiff Amen Rogers was employed by and worked for Defendant as an hourly-paid supervisor during all times material to these actions. (Plaintiff Rogers' Consent to Join the FLSA collective action herein is attached hereto as *Exhibit A*.)

9. Defendant United Parcel Service, Inc. is an Ohio corporation with its national headquarters located at 55 Glendale Parkway, N.E., Atlanta, Georgia 30328. Its registered agent for service of process is CSC of Cobb County, Inc., Anderson Street SE (Suite 125), Marietta, Georgia 30060.

10. Defendant has been the "employer" of Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times material to this Complaint.

11. Defendant is and has been an "enterprise" as defined within section 203(r)1 of the FLSA during all times material to these actions.

12. Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00

### IV.   FLSA ALLEGATIONS

13. Defendant is an American multinational shipping & receiving and supply chain management company.

14. Plaintiff performed supervisory duties for Defendant at its Kenton, Tennessee facility during all times material herein.

15. Plaintiff and those similarly situated are/ have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and who worked for Defendant within the territory of the United States during the relevant time period.

16. Defendant was responsible for setting and administering all wage and compensation policies and practices related to Plaintiff and the classes during all times material.

17. Plaintiff and those similarly situated performed work for Defendant in excess of 40 hours per week within weekly pay periods when adding all their unpaid "off the clock" and "edited-out" wages, as addressed below.

18. Defendant did not compensate Plaintiff and those similarly situated at the applicable FLSA overtime compensation rates of pay for all hours performed over 40 within weekly pay periods during all times material.

19. Defendant did not compensate Plaintiff and those similarly situated for all hours worked consistent with their respective unilateral wage contracts with Defendant for the payment of agreed-upon wages.

20. Defendant had a common plan and practice of requiring, inducing, expecting, and/or suffering and permitting, plaintiff and those similarly situated to work without being compensated for such "off the clock."

21. Defendant failed to pat all compensable overtime work hours to Plaintiff and those similarly situated in a variety of ways, including:

(a) Failing to pay for pre-shift "off the clock" work-related time, such as time engaged in work-related communications via telephone calls, text messages, emails, etc. with employees and management personnel within weekly pay periods during all times material;

(b) Failing to pay for post-shift "off the clock" work-related time, such as time engaged in work-related communications via telephone calls, text messages, emails, etc. with employees and management personnel within weekly pay periods during all times material; and;

(c) Failing to pay for work-related time during shifts, such as time engaged in work-related communications via telephone calls, text messages, emails, etc. with employees and management personnel within weekly pay periods during all times material.

22. Defendant has been aware that it has not compensated Plaintiff and those similarly situated for all hours worked within weekly pay periods at the applicable FLSA overtime rates of pay for all their "off the clock" and "edited-out" compensable time.

23. Defendant also has been aware that by failing to compensate Plaintiff and those similarly situated for all their "off the clock" and "edited-out" compensable time, it has breached its unilateral wage contracts with them for the payment of all work hours and unjustly enriched itself at their expense.

24. The unpaid overtime compensation claims of Plaintiff and those similarly situated are unified through common theories of Defendant's FLSA violations.

25. Defendant's plan and practice of failing to pay Plaintiff and those similarly situated for all the overtime compensation owed them was willful with reckless disregard to the FLSA overtime requirements.

26. The net effect of Defendant's failure to pay Plaintiff and those similarly situated for all the compensation owed them was to unjustly enrich itself and enjoy ill-gotten profits at the expense of Plaintiff and those similarly situated.

27. Plaintiff and others similarly situated are entitled to a recovery of all the overtime and contractual compensation owed them, liquidated damages, attorneys' fees, interest, and other costs, fees and expenses from Defendant that is available to them under the FLSA.

### V. RULE 23 BREACH OF CONTRACT CLASS ACTION ALLEGATIONS

28. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29. Plaintiff brings this case as a Fed. R. Civ. P. 23 class action on behalf of himself, individually, and on behalf of other potential class members to recover the above referenced unpaid contractual wages owed to them.

30. Defendant employed Plaintiff and members of the Rule 23 class during all relevant periods of time herein.

31. Defendant promised Plaintiff and other Rule 23 class members they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

32. Plaintiff and other Rule 23 class members fulfilled their acceptance of such promises by performing the required work directed by Defendant.

33. Therefore, a contract was formed between Plaintiff/class members and the Defendant.

34. However, Defendant failed to pay Plaintiff and other Rule 23 class members the promised wages for all the work performed by them within weekly pay periods during all times material.

35. The precise number of Rule 23 class members is not known as of this time but believed to be more than 100. The exact number of such class members easily can be ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel, and other work-related records and documents.

36. Common questions of law or fact common to the Rule 23 class predominate over questions affecting only individual class members. These common questions of law or fact are:

   (a) Whether a unilateral contract existed between Defendant and Plaintiff and the putative Rule 23 class for the payment of wages.

   (b) Whether Plaintiff and other members of the Rule 23 class are entitled to the specified contractual wages promised them by Defendant under the Tennessee statutory and common law of contracts, quantum meruit and/or unjust enrichment.

   (c) Whether Defendant paid Plaintiff and other members of the Rule 23 class all the wages owed them within weekly pay periods during the relevant time period herein.

   (d) Whether the Defendant unlawfully breached its unilateral wage agreements with Plaintiff and members of the Rule 23 class;

   (e) The nature and extent of the Rule 23 class -wide injury and the appropriate measure of damages for the putative Rule 23 class;

37. Pursuant to the allegations above, Plaintiff's claims are typical of Rule 23 class claims.

38. Their claims arose from the same Defendant's actions or inactions herein and the claims are based on the same legal theories.

39. The individuals in the Rule 23 class, as identified above, are so numerous that joinder of all members is impracticable.

40. The identity of the Rule 23 class members is readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant.

41. Plaintiff is an adequate class representative.

42. Plaintiff was an hourly-paid supervisor of Defendant who, like other members of the Rule 23 class, was not paid promised wages for the all hours worked within weekly pay periods during all relevant periods of time herein. (Therefore, Plaintiff has an interest in seeking recovery for the same types of damages that members of the Rule 23 class would seek.)

43. Plaintiff's unpaid wage claims are typical of those claims which could be alleged by any member of the Rule 23 class, and the relief sought is typical of the relief which would be sought by each member of the putative Rule 23 class in separate actions.

44. All the Rule 23 class members are/were subject to the same plans and practices of Defendant in its failure to pay all contractually agreed-upon wages.

45. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of breach of a wage contract litigation like the present action, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

46. Class action treatment will permit other similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions produce.

47. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. However, treating the claims as a class action would result in a significant savings of these costs.

48. Although the relative damages suffered by individuals in the class are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation.

49. Additionally, proceeding as a class action will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's unlawful practices. As a

result, class treatment is a superior mechanism for resolving this dispute compared to the adjudication of individual litigation claims.

50. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees may be fearful of bringing individual claims because doing so could harm their employment, future employment, and future efforts to secure employment. (Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.)

51. Plaintiff knows of no conflict of interest he has with the class of employees who worked for Defendant.

52. Plaintiff has hired the law firm of Jackson, Shields, Yeiser, Holt, Owen & Bryant to pursue his claims and the claims of the Rule 23 class for unpaid contractual wages. The Jackson, Shields, Yeiser, Holt, Owen & Bryant law firm focuses most of its practice on wage and hour claims under the FLSA and state contractual laws.

53. The firm has represented numerous other employees asserting unpaid contractual wage claims.

54. The class action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by Plaintiff and other members this Rule 23 class action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

55. Plaintiff and other members of this Rule 23 class have suffered and will continue to suffer irreparable damage from the unlawful wage plans and practices implemented by Defendant unless resolved by this action.

# COUNT I
# FAIR LABOR STANDARDS ACT VIOLATIONS
### (On Behalf of the FLSA Class)

56. Plaintiff, on behalf of himself and other members of the FLSA Class, repeats and re-alleges Paragraphs 1 through 55 above as if they were fully set forth herein.

57. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 206(a) and 207(a).

58. Plaintiff and the FLSA Class are similarly situated because they have been deprived of the applicable FLSA overtime compensation owed them as a result of Defendant's pay plans and practices.

59. Defendant's failure to pay Plaintiff and other members of the FLSA Class for all hours worked within weekly pay periods at the applicable FLSA overtime compensation rates of pay for all hours over 40 per week has violated the Act.

60. During the relevant time period herein, Defendant's common plan and practice of willfully failing to pay Plaintiff and members of the FLSA Class at the applicable FLSA overtime compensation rates of pay has resulted in Plaintiff and FLSA Class members' claims being unified through common theories of Defendant's FLSA violations.

61. Defendant has had actual knowledge of willfully refusing to pay Plaintiff and other members of the FLSA Class for all the applicable FLSA overtime compensation to which they are entitled, during all times material to this collective action

62. Defendant's conduct was willful with reckless disregard to clearly established FLSA overtime compensation requirements.

63. Defendant's violations were without a good faith basis.

64. Plaintiff and the other members of the FLSA Class are therefore entitled, and hereby seek,

to recover compensation from Defendant for unpaid overtime compensation as required by the FLSA, and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

### COUNT II
### RULE 23 CLASS ACTION VIOLATION

65. Plaintiff, on behalf of himself and other members of the Rule 23 Class, repeats and re-alleges Paragraphs 1 through 64 above as if they were fully set forth herein.

66. Plaintiff asserts Rule 23 class breach of contract claims because Defendant entered in to valid and enforceable unilateral wage contracts with them pursuant to Tennessee law.

67. Defendant offered to compensate Plaintiff and other members of the Rule 23 class at a specified hourly wage within weekly pay periods for all work performed on its behalf.

68. Plaintiff and other members of this Rule 23 class accepted Defendant's offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

69. However, Defendant breached its obligations under the said contracts by failing to pay Plaintiff and other Rule 23 class members the agreed-upon hourly compensation for all such hours they performed.

70. In the alternative to the breach of contract class claims, Plaintiff asserts a quantum meruit/unjust enrichment claim that he and each member of the proposed Rule 23 class provided valuable services to Defendant, that Defendant accepted their services, and Defendant had reasonable notice that class members expected to be compensated for their work time on its behalf.

71. The reasonable value of the services provided and not paid for by Defendant are consistent with the additional hourly rate of pay promised Plaintiff and members of the Rule 23 class because Defendant benefitted to such degree or more from the work they performed.

72.     Plaintiff and members of the Rule 23 class complained to Defendant because of its failure to pay them for all their work and service time, but to no avail.

## PRAYER FOR RELIEF

Whereas, Plaintiff, individually, and/or on behalf of himself and all other similarly situated members of the classes, request this Court to grant the following relief against Defendant:

A.   Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims;

B.   For an Order finding Defendant liable under the FLSA for unpaid overtime compensation due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

C.   For certification of and notice to the FLSA Class and Rule 23 Class, as further defined and determined by motions practice, and to properly inform them of their rights;

D.   An award of damages associated with Defendant's breach of contract claims or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

E.   An award of all contractually agreed-upon wages;

F.   For an Order finding that Defendant's violations of the FLSA were willful.

G.   An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the classes;

H.   An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the classes.

I.   Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

December 1, 2022                               Respectfully Submitted,

*/s/ Gordon Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*Attorneys for the Plaintiff and the classes*